KAPLAN v. CONGREGATION ADASH ISRAEL OF EAST NEW YORK et al.

(Supreme Court, Appellate Term.  November 11, 1910.)

RELIGIOUS SOCIETIES (§ 9*)—PRESIDENT—PERSONAL LIABILITY.
    Personal judgment against the president of a religious society for re-
turn of a deposit made by a sexton to secure performance of a contract of
employment is improper, in the absence of evidence showing personal lia-
bility.
    [Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Hyman Kaplan against the Congregation Adash Israel of
East New York and others.  From a judgment for plaintiff, Eliezer
Rabinowitz appeals.  Reversed as to appellant, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

John G. Greenspun, for appellant.
Jacob Panken, for respondent.

PER CURIAM.  This action was brought to recover $175 deposited
by the plaintiff as security for the performance of a contract of em-
ployment, under which the plaintiff was engaged to perform the duties
of a sexton to a religious corporation.  The plaintiff sued the cor-
poration and its president and secretary individually.  The plaintiff
admitted having received $15 of the amount deposited, and judgment
was awarded against all of the defendants for $160 and costs.  The
liability of the corporation was not disputed upon the trial.  The presi-
dent of the corporation alone appeals from the judgment rendered.

The judgment must be reversed as to the appellant, because the rec-
ord is barren of evidence to show the personal liability of the president
of the corporation.

Judgment reversed as to appellant, and a new trial ordered, with
costs to the appellant to abide the event.